FILED
SUPERIOR COURT
OF GUAM

2021 SEP 13 AM 10: 55

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0446-18** |
| | GPD Report No. 18-21592 |
| v. | |
| | **DECISION AND ORDER** |
| **LOUIS ANTHONY VARGAS,** | **GRANTING THE PEOPLE'S MOTION** |
| DOB: 06/06/1985 | **TO DISMISS REMAINING CHARGES** |
| | **WITHOUT PREJUDICE,** |
| Defendant. | **AND DENYING THE DEFENDANT'S** |
| | **CROSS-MOTION TO DISMISS** |
| | **REMAINING CHARGES** |
| | **WITH PREJUDICE** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 28, 2021 for hearing on the People of Guam's ("the People's") Motion to Dismiss Remaining Charges Without Prejudice ("Motion"), and Louis Anthony Vargas's ("Defendant's") Cross-Motion to Dismiss Remaining Charges With Prejudice ("Cross-Motion"). Assistant Attorney General Christine Tenorio represents the People, and Assistant Public Defenders Stephen Hattori and Theresa Rojas represent Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the People's Motion and **DENIES** the Defendant's Cross-Motion.

## BACKGROUND

Between April 27, 2021 and May 20, 2021 Defendant went on trial for <u>Charge One</u>: First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (*Five Counts*), each count with an accompanying *Special Allegation*: Vulnerable Victim Enhancement and <u>Charge Two</u>: Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (*Five Counts*), each count with an accompanying *Special Allegation*: Vulnerable Victim Enhancement. The alleged victim in this

Decision and Order Granting the People's Motion to Dismiss Remaining Charges Without Prejudice, and Denying the Defendant's Cross-Motion to Dismiss Remaining Charges With Prejudice
CF0446-18, *People of Guam v. Louis Vargas*
Page **1** of **6**

case, L.E.L. ("Victim"), was a minor under fourteen years old. Amended Indictment (May 14, 2021).

The jury returned guilty verdicts for <u>Charge Two</u>: Second Degree Criminal Sexual Conduct (*Count Four*) and its accompanying *Special Allegation*: Vulnerable Victim Enhancement. *See* Verdict Forms 17 & 18 (May 20, 2021). The jury was unable to reach a unanimous decision on all other charges and special allegations. *See* Verdict Forms 1-16, 19-20 (May 20, 2021).

This was only found out in open court. When reviewing the verdict forms, the Court questioned the jurors why most forms were left unchecked. Court Recording at 2:28:50-59 (May 20, 2021). The Foreperson then announced the jurors were "undecided" on many of the charges. <u>Id</u>. at 2:29:13-20. No Allen Charge was read to the jurors, and the court accepted the jury's hung status. A second trial for the remaining five counts of First Degree Criminal Sexual Conduct and the other four counts of Second Degree Criminal Sexual Conduct was scheduled for July 6, 2021.

On June 10, 2021, the People filed their Motion to Dismiss Remaining Charges without Prejudice. The People informed the Court that Victim is unable to re-testify in the upcoming trial due to the emotional distress from the incident and the first trial. Motion at 1 (Jun. 10, 2021). The People requested a dismissal without prejudice because there is no statute of limitations for the crimes charged and they believe that Victim may be able to testify against Defendant in the future. <u>Id</u>. at 2.

On June 24, 2021, Defendant filed his Opposition to People's Motion to Dismiss and Cross-Motion to Dismiss Remaining Charges with Prejudice ("Opposition & Cross-Motion"). Defendant opposed dismissal without prejudice, arguing that allowing the charges to loom indefinitely inherently prejudices the Defendant. Opposition & Cross-Motion at 4—5 (Jun. 24, 2021). In his Cross-Motion, Defendant argued for dismissal of the remaining charges with prejudice pursuant to the Double Jeopardy Clause of the Fifth Amendment. <u>Id</u>. at 5-7. Defendant argued that the court discharged the jurors with no manifest necessity to do so, thus preventing retrial on the remaining charges. <u>Id</u>. at 6-7.

On July 19, 2021, the People filed their Opposition to Defendant's Cross-Motion to Dismiss With Prejudice ("People's Opposition"). The People justified their Motion to Dismiss Remaining

Decision and Order Granting the People's Motion to Dismiss Remaining Charges Without Prejudice, and Denying the Defendant's Cross-Motion to Dismiss Remaining Charges With Prejudice
CF0446-18, *People of Guam v. Louis Vargas*
Page **2** of **6**

Charges Without Prejudice on the grounds that no bad faith existed. People's Opposition at 3 (Jul. 19, 2021). The People also opposed Defendant's Cross-Motion, arguing that the Court was well within its authority to accept the hung jury without first issuing an Allen Charge. Id. at 5-6

On July 27, 2021, Defendant filed his Reply to People's Opposition ("Defendant's Reply"). Defendant further justified his Cross-Motion by arguing the Court improperly determined a mistrial before conducting a "scrupulous exercise of judicial discretion." Defendant's Reply at 2-3 (Jul. 27, 2021).

The Court held a hearing on July 28, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I.  **The Court grants the People's Motion to Dismiss Remaining Charges Without Prejudice because it complies with statutory requirements and there is no statute of limitations on the remaining charges.**

Pursuant to 8 G.C.A. § 80.70, the People may file a motion for dismissal with leave of court. 8 G.C.A. § 80.70(a) provides that:

> The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate... The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

The primary purpose for the "leave of court" requirement is to "prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime." *People v. Gutierrez*, 2005 Guam 19, ¶ 66 (citing *U.S. v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984)). "The prosecutor's good or bad faith *in bringing the motion* is the determining factor in granting or denying the motion." Id. at ¶ 51. "The trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." Id. at ¶ 66.

The People have properly laid out their reasons in seeking dismissal, explaining that Victim is unable to testify due to the emotional distress that the incident and the first trial caused her. Motion at 1 (Jun. 10, 2021). There is nothing to suggest that this dismissal was

Decision and Order Granting the People's Motion to Dismiss Remaining Charges Without Prejudice, and Denying the Defendant's Cross-Motion to Dismiss Remaining Charges With Prejudice
CF0446-18, *People of Guam v. Louis Vargas*
Page **3** of **6**

made in bad faith, as the only reason behind the dismissal is to protect the Victim's mental health. The Victim is a 12 year old girl who gave almost two days of in-person testimony in an open courtroom. Both the Victim, and her Clinical Psychologist agree that the Victim is not fit to endure a second trial any time soon, as re-testifying would reignite emotional distress and adversely impact her. *See* Sealed People's Exhibit In Support of People's Motion. (Jun. 16, 2021).

Despite the People's conformity with the statutory requirements, Defendant opposes the People's requested dismissal without prejudice. Defendant claims dismissal without prejudice will inherently prejudice any future defense of his should the charges be reinstated. Opposition & Cross-Motion at 4-5 (Jun. 24, 2021). As Defendant points out, this was a very complex trial in which over twenty (20) witnesses were called. The Court recognizes Defendant's concern that witnesses may become difficult or impossible to contact should a future trial ever happen. Id. at 5. The Court also recognizes that these difficulties will only increase as additional years go by.

However, there is no statute of limitations for the crimes charged. 8 G.C.A. § 10.17. The risks Defendant raises are overshadowed by the immense importance of prosecuting severe crimes such as First and Second Degree Criminal Sexual Conduct. If these risks really outweighed the importance of prosecuting First and Second Degree Criminal Sexual Conduct, then the Guam legislature would have set finite statutes of limitation.

II. **The Court denies the Defendant's Cross-Motion to Dismiss Remaining Charges With Prejudice because there was a manifest necessity to discharge the jurors and accept the hung verdicts.**

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." *People v. Pablo*, 2016 Guam 29, ¶ 23 (citing *Oregon v. Kennedy*, 456 U.S. 667, 671 (1982)). As part of this protection, a Defendant has a "valued right to have his trial completed by a particular tribunal". Id. at ¶ 23. "In a jury trial, jeopardy attaches once a jury is empaneled and sworn." *State v. Moriwake*, 65 Haw. 47, 47 (1982). However, "principles of double jeopardy pose no bar to

Decision and Order Granting the People's Motion to Dismiss Remaining Charges Without Prejudice, and Denying the Defendant's Cross-Motion to Dismiss Remaining Charges With Prejudice
CF0446-18, *People of Guam v. Louis Vargas*
Page **4** of **6**

re-prosecution after discharge of a jury if there was *manifest necessity* for (the) discharge." Id. at 47 (emphasis added). The "classic example is a mistrial because the jury is unable to agree." *Downum v. U.S.*, 372 U.S. 734, 735-736 (1963). When determining the presence of manifest necessity, one should take all the circumstances into consideration. *U.S. v. Perez*, 22 U.S. 579, 580 (1824).

Here there was a manifest necessity to discharge the jurors. The jurors returned twenty (20) verdict forms which the Court reviewed. Upon noticing that eighteen (18) of the verdict forms were left unmarked, the Court remarked "You didn't mark the verdict forms?" Court Recording at 2:28:46-51 ( May 20, 2021). It was determined that the jurors were hung on certain charges. However, this came only after the Court saw the juror's guilty verdicts for Charge Two: Second Degree Criminal Sexual Conduct (*Count Four*) and its accompanying *Special Allegation*: Vulnerable Victim Enhancement.

Despite Defendant's beliefs, the Court had no authority or obligation to issue an Allen Charge or otherwise encourage re-deliberation of the verdict. The Supreme Court has "never required a trial court, before declaring a mistrial because of a hung jury, to consider any particular means of breaking the impasse – let alone to consider giving the jury new options for a verdict." *Blueford v. Arkansas*, 566 U.S. 599, 609 (2012) (citing *Renico v. Lett*, 599 U.S. 766, 775 (2010)). Doing so here would be especially coercive, as the Court already knew the jurors found Defendant guilty on certain charges. Instructing the jurors to reach further unanimous verdicts on the remaining charges could be interpreted as an instruction to reach additional guilty verdicts, and declaring a mistrial and hung jury was the only viable option.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the People's Motion and **DENIES** the Defendant's Cross-Motion. The remaining charges will be dismissed without prejudice.

**IT IS SO ORDERED** this September 13, 2021 .

Decision and Order Granting the People's Motion to Dismiss Remaining Charges Without Prejudice, and Denying the Defendant's Cross-Motion to Dismiss Remaining Charges With Prejudice
CF0446-18, *People of Guam v. Louis Vargas*
Page **5** of **6**



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PDSC

Date: 9|13|21 Time: _____

Deputy Clerk, Superior Court of Guam

Decision and Order Granting the People's Motion to Dismiss Remaining Charges Without Prejudice, and Denying the Defendant's Cross-Motion to Dismiss Remaining Charges With Prejudice
CF0446-18, *People of Guam v. Louis Vargas*
Page **6** of **6**